UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELS OF CARE HOME HEALTH, INC., <br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT KENNEDY, JR., Secretary, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,[1]<br><br>*Defendant.* | Civil Action No. 3:23-CV-2606-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Angels of Care Home Health, Inc. (Angels) and Defendant Xavier Becerra's (HHS) cross motions for summary judgment. (Docs. 24 & 26, respectively). After reviewing the briefing, the administrative record, and relevant caselaw, the Court **DENIES** Angels' motion for summary judgment as to all claims and **GRANTS** HHS's motion.

### I.  Factual Background

Angels is a home health provider that offers care to patients at their homes. Medicare covers Angels' services if a home health agency participating in the

---

[1] This matter was filed when Xavier Becerra was the Secretary of HHS, but in accordance with Fed. R. Civ. P. 25(d), the Court substitutes the current Secretary as the defendant.

Medicare program provides the services to a patient whom a physician has certified is eligible for home health care.

In 2018, a Medicare contractor called Qlarant audited forty claims Angels submitted to Medicare for payment. The Medicare Program Integrity Manual (Integrity Manual) governs the procedure of such an audit and the Medicare Benefit Policy Manual (Benefit Manual) governs the claims and services Medicare covers. Of the forty claims Qlarant reviewed, it denied thirty-two, for a total of $85,036.44 improperly submitted for payment. The contractor extrapolated this overpayment across 1,630 claims and decided that Angels had received $2,692,318 in overpayments. A Medicare Administrative Contractor, Palmetto GBA (Palmetto), then informed Angels of the overpayment and of its right to appeal the determination.

The same month, Angels began the administrative review process through Palmetto, arguing Qlarant had not adhered to the statutory and regulatory guidelines that govern claims reviews. Palmetto reviewed the thirty-two claims Qlarant denied in its initial review and found one of those thirty-two should have been granted. Initially, Palmetto also noted that the confidence interval of the initial audit's statistical sampling plan dropped below the Integrity Manual's required minimum of 90%.[2] But the next day, Palmetto issued a "Corrected Letter" that stated

---

[2] Doc. 17-7 at 260, A.R. 1307.

the confidence interval was a permissible 90% and that "[n]o revisions to the overpayment will be made based on the statistical sampling method used."[3]

Angels appealed this decision as well but again received an unfavorable determination. Palmetto sent Angels a demand letter for $2,476,761 after Angels lost its second appeal, and Angels filed for review from an Administrative Law Judge (ALJ). After Angels' eventual hearing, the ALJ reversed one of Angels' thirty-one remaining denied claims but upheld the other thirty and the statistical sampling and extrapolation method.

Once again, Angels requested review—the fourth and final stage of the administrative appeal process. The Medicare Appeals Council had ninety days to rule on Angels' appeal. When those ninety days passed without a decision, Angels escalated its appeal to this Court.

Angels filed suit in this Court against HHS, arguing HHS's actions were: (1) arbitrary and capricious, (2) taken in violation of Angels' procedural due process rights, (3) contrary to constitutional rights, (4) in excess of statutory authority, (5) unsupported by substantial evidence and performed without observing procedure, and (6) taken *ultra vires*.

## II.   Standard of Review for Agency Action

Angels brings this suit under 42 U.S.C. § 1395ff(b), which grants the right to judicial review of HHS determinations as provided in 42 U.S.C. § 405(g). Summary judgment is proper when "the movant shows that there is no genuine dispute as to

---

[3] Doc. 17-7 at 300–01, A.R. 1347–48.

3

any material fact and the movant is entitled to judgment as a matter of law."[4]  And as the Fifth Circuit has noted,

> The summary judgment procedure is particularly appropriate in cases in which the court is asked to review or enforce a decision of a federal administrative agency.  The explanation for this lies in the relationship between the summary judgment standard of *no genuine issue as to any material fact* and the nature of judicial review of administrative decisions.  The administrative agency is the fact finder.  Judicial review has the function of determining whether the administrative action is consistent with the law—that and no more.[5]

"The Administrative Procedure Act [APA] requires a reviewing court to 'hold unlawful and set aside' agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"[6]  Angels points out that *Loper Bright Enterprises v. Raimondo*[7] disposed of the precedential rule that courts must defer to agencies' interpretations of statutes that are otherwise ambiguous.[8]  But "[w]hen the best reading of a statute is that it delegates discretionary authority to an agency," rather than leaving ambiguities for the court to interpret, the court effectuates the will of Congress by "recognizing constitutional delegations, fixing the

---

[4] Fed. R. Civ. P. 56(a).

[5] *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 214–15 (5th Cir. 1996) (cleaned up).

[6] *Tex. Med. Assoc. v. U.S. Dep't of Health & Hum. Servs.*, 110 F.4th 762, 774 (5th Cir. 2024) (quoting 5 U.S.C. § 706(2)(A)).

[7] 603 U.S. 369 (2024).

[8] Doc. 25 at 16–17.

4

boundaries of the delegated authority, and ensuring the agency has engaged in reasoned decisionmaking within those boundaries."[9]

Here, section 1395ff delegates discretionary authority to HHS and sets the standard for courts reviewing that authority by reference to section 405(g). Under section 405(g), "[t]he findings of the [HHS] as to any fact, if supported by substantial evidence, shall be conclusive."[10] Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] Therefore, the Court "may not overturn [HHS]'s decision if it is supported by substantial evidence—more than a mere scintilla—and correctly applies the law."[12]

### III.   Analysis

Angels argues that HHS failed to properly conduct its appeals such that (1) the ALJ's decision lacked substantial evidence, (2) Angels' due process rights were violated, and (3) HHS acted outside its scope of statutory authority. Angels alleges HHS's failures include failing to properly consider the differences between the first- and second-tier reviews, the expert testimony Angels presented at its hearing, or Angels' arguments about its patients' homebound status; failing to conduct the final stage of administrative review in accordance with statutory timelines; failing to issue

---

[9] *Loper Bright*, 603 U.S. at 395 (cleaned up).

[10] 42 U.S.C. § 405(g).

[11] *Girling Health Care*, 85 F.3d at 215 (cleaned up)

[12] *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000) (cleaned up).

5

required notices to Angels' Medicare beneficiaries; and failing to follow the Benefits Manual's requirement that each claim receive individual assessment.

### A.   Substantial Evidence

As outlined above, HHS's decision must be supported by substantial evidence, and if it is, the Court will uphold it. Substantial evidence "is more than a mere scintilla and less than a preponderance."[13] This means the ALJ decision, which here constitutes final agency action, must be based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14] "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."[15]

Angels disputes the validity of the ALJ's decision based the ALJ's failure to consider the following: (1) the differences between Palmetto's two determinations; (2) Angels' expert testimony; (3) Angels' arguments about the definition of "homebound"; and (4) HHS's failure to notify beneficiaries of their right to appeal. The Court, however, finds that the ALJ's decision is supported by substantial evidence.

The Court turns first to the sampling method Qlarant used to audit Angels. Medicare contractors may utilize extrapolation when determining overpayment in instances of "a sustained or high level of payment error" or where "documented

---

[13] *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (cleaned up).

[14] *Girling Health Care*, 85 F.3d at 215 (cleaned up).

[15] *Harris*, 209 F.3d at 417.

6

educational intervention has failed to correct the payment error."[16]  And the Court has no jurisdiction to review HHS determinations of high levels of payment errors that warrant the use of extrapolation.[17]

Although Angels is correct that the ALJ neglected to delve into why Palmetto's first and second redeterminations mentioned two different confidence intervals—one of 85% and the other of 90%—there is still substantial evidence to support the finding that the sampling methodology was valid.  The Integrity Manual provides, "In most situations the lower limit of a one-sided 90 percent confidence interval shall be used" in determining an amount of overpayment.[18]  And the ALJ opinion found that Qlarant used a 90% confidence interval.[19]  The ALJ conducts a de novo review of the administrative record, so it is immaterial that the decision refrained from analyzing Palmetto's two determinations.

Further, the ALJ's opinion did consider Angels' expert testimony.  In fact, Angels cites to the ALJ opinion itself when listing its expert's arguments.[20]  The ALJ lists the expert's main points, explains that the points challenging the lower level

---

[16] 42 U.S.C. § 1395ddd(f)(3).

[17] *Id.*

[18] Medicare Program Integrity Manual, ch. 8.4.5, https://www.cms.gov/regulations-and-guidance/guidance/manuals/downloads/pim83c08.pdf [https://perma.cc/KHG4-4LWQ].

[19] Doc. 17-4 at 20–21, A.R. 224–25 (citing Qlarant's sampling design summary at Doc. 17-11 at 111–14, A.R. 3126–29).

[20] *See* Doc. 25 at 13 (citing Doc. 17-2 at 70–71, A.R. 70–71).

7

reviews do not affect the ALJ's de novo review, and states that they will nevertheless "be given due consideration."[21]

Angels also claims the ALJ failed to consider the proper definition of "homebound," but the ALJ cited to guidance from the Benefit Manual clarifying the meaning.[22] The ALJ denied claims predominantly because of insufficient documentation under the guidelines, not because of an overly narrow definition of homebound.

HHS's determination was supported by substantial evidence and the Court upholds it. Therefore, the Court **DENIES** Angels' motion for summary judgment and **GRANTS** HHS's as to Angels' claims that HHS's decision was not based on substantial evidence.

### B. Due Process of Law

The Constitution protects against the deprivation of "life, liberty, or property, without due process of law."[23] Angels contends HHS deprived Angels of its property—entitlement to Medicare coverage for its claims—without proper due process, because

---

[21] Doc. 17-4 at 33, A.R. 237.
[22] Doc. 17-4 at 27, A.R. 231.
[23] U.S. Const. amend. V.

(1) HHS failed to adjudicate Angels' appeals in accordance with regulations and guidance and (2) statistical extrapolation violates Medicare regulations.

### 1.     HHS's Failure to Follow Guidelines

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."[24]  And Angels had the opportunity to be heard in its hearing before the ALJ.  Angels argues that it was denied due process in its administrative appeal process because both the ALJ hearing and the Council decision took longer than the statutorily prescribed 90 days[25] and it took 223 days for the Council to issue Angels' requested escalation order.  In fact, the Council decision never came at all.  But "[t]here is not a violation of due process every time a . . . government entity violates its own rules."[26]  "[U]nless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation."[27]

To determine whether due process claim is valid, the Court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and

---

[24] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (cleaned up).

[25] 42 U.S.C. §§ 1395ff(d)(1)(A), (2)(a).

[26] *Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985).

[27] *Id.*

administrative burdens that the burdens that the additional or substitute procedural requirement would entail.[28]

These factors all weigh against Angels' argument that its procedural due process was violated. As to the first, the Fifth Circuit has held that "[b]ecause health care providers are not the intended beneficiaries of the federal health care program they therefore do not have a property interest in continued participation or reimbursement."[29] As to the second, Angels received three levels of administrative review with a hearing before the ALJ. And as to the third, "the government's interest in functional audits to protect Medicare funds is compelling."[30] Because "statistical sampling is the only feasible method available for HHS to effectively audit waste and fraud, the due process balance weighs heavily in favor of protecting the public, even if [Angels] may bear the cost."[31]

### 2. Extrapolation is Permissible

Angels also argues extrapolation in itself violates its due process rights because the Benefit Manual mandates that "determinations of whether home health services are reasonable and necessary must be based on an assessment of each

---

[28] *Mathews*, 424 U.S. at 334–35.

[29] *Shah v. Azar*, 920 F.3d 987, 997–98 (5th Cir. 2019) (cleaned up).

[30] *Dominion Ambulance, L.L.C. v. Azar*, 968 F.3d 429, 441 (5th Cir. 2020) (rejecting argument that statistical extrapolation method of Medicare claim review violates due process rights).

[31] *Id.* at 441–42 (cleaned up).

beneficiary's individual care needs."[32]   But the Benefit Manual governs initial coverage decisions, not claim review.

The Fifth Circuit analyzed this interplay in *Maxmed Healthcare, Incorporated v. Price*.[33]  Like Angels, the home health provider in *Maxmed* argued extrapolation violated the rule requiring individual assessment—called the Rule of Thumb—and that claims could not be rejected for payment unless they had been individually reviewed.[34]  But the Fifth Circuit distinguished the Rule of Thumb, which "applies to the prepayment review of individual coverage claims under Medicare" from the standard that governs auditors.[35]

"What is appropriate when services are being authorized to Medicare beneficiaries . . . is not the standard for post-payment audits of providers."[36]  And Congress specifically authorized HHS "to use extrapolation where, as in this case, 'there is a sustained or high level of payment error.'"[37]

Therefore here, as in *Maxmed*, HHS's "reliance on extrapolation as a tool was justified."[38]  And because Angels received notice and a hearing and the *Eldridge*

---

[32] Manual Benefit Policy Manual, ch. 7, § 20.3, https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Downloads/bp102c07.pdf [https://perma.cc/J4FQ-R28W].

[33] 860 F.3d 335, 343 (5th Cir. 2017).

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

11

factors weigh against Angels' due process claims, the Court **DENIES** Angels' motion for summary judgment and **GRANTS** HHS's as to Angels' constitutional claims.

### C.     Scope of Statutory Authority and *Ultra Vires*

Finally, Angels brings claims that HHS exceeded its scope of statutory authority and acted *ultra vires* by failing to follow the timelines prescribed by Medicare statutes and failing to issue notices to the beneficiaries whose claims were rejected.

Agencies such as HHS are limited to the scope of authority their enacting statutes grant them.[39]  And, historically, "where [an] officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions" such that a plaintiff can bring suit despite the officer's sovereign immunity.[40]  This exception to sovereign immunity is due to the actions being *ultra vires*, or beyond, the officer's authority.[41]

But under Fifth Circuit precedent, "Congress apparently did away with the *ultra vires* doctrine and other fictions surrounding sovereign immunity when it amended the APA in 1976."[42]  The Fifth Circuit has also noted other circuits' holdings that "common-law *ultra vires* claims are available only when there is no alternative

---

[39] *See* 5 U.S.C. § 706(2)(C).

[40] *Apter v. Dep't of Health & Hum. Servs.*, 80 F.4th 579, 587 (5th Cir. 2023) (cleaned up).

[41] *Id.*

[42] *Id.* at 593 (cleaned up).

12

procedure for review."[43] So to the extent Angels brings a common-law *ultra vires* claim, it cannot proceed where, as here, Angels can also seek review under the APA.

However, plaintiffs can also bring an *ultra vires* claim under the APA itself. Such a claim requires the plaintiff to "identify some agency action affecting him in a specific way" and to show that he "has been adversely affected or aggrieved by that action."[44] And "[t]o satisfy this second requirement, the plaintiff must establish that the injury he complains of falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint."[45]

But as the Court identified above, the HHS's actions or omissions, even if they deviated from the exact direction of the statute, did not injure Angels. The HHS properly ruled against Angels in its administrative review process, so there is no valid injury at issue. And as to HHS's failure to issue notice to the beneficiaries, even if that lack of notice counts as an injury, the injury is not to Angels.

Therefore, the Court **DENIES** Angels' motion for summary judgment as to its claims regarding *ultra vires* actions and scope of authority. The Court further **GRANTS** Angels' motion.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Angels' motion for summary judgment as to all claims and **GRANTS** HHS's motion.

---

[43] *Id.*

[44] *Id.* at 589 (cleaned up).

[45] *Id.* at 589–90.

13

**IT IS SO ORDERED** this 23rd day of June, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE